MR. JUSTICE SHEA
dissenting:
Procedurally, this is a strange case. I have my doubts that it is properly here on appeal because I do not believe that it is an appeal from a final judgment of guilt in District Court. The District Court, after deciding the constitutional issue against the defendant, never held a trial on the merits to determine defendant’s guilt or innocence. Because an appeal from a justice court conviction entitles a defendant to a trial de novo in District Court, the District Court *523 had no right to dismiss the Justice Court appeal after it decided the constitutional issue. Therefore, the appeal which comes to us from the District Court, does not come from a final judgment in District Court.
Nor do I agree that the case should be dismissed as moot, nor do I agree that the reasons given for mootness are grounds at all to dismiss for mootness. The reasons given for mootness are rather nonsensical: the age of the young girl now, and the fact that the school teacher may no longer be a teacher, has nothing to do with the issue placed before us by the parties to this appeal. They have asked us to determine whether section 20-4-303, MCA, is constitutional within the context of its application to defendant.
Furthermore, to invoke the mootness doctrine on the ground that the fine money (deposited as an appeal bond to District Court) has been converted by the Justice Court into the public treasury and that we are powerless to order its return, is unjust to the extreme. The effect of this holding is that an appeal can be cut off if a judge fails to notify counsel of the ruling made and if the money levied against the defendant can be deposited to the treasury before the defendant learns of the adverse ruling. That is strange and inequitable law. It’s potential for harm is obvious.
Nor do I believe that this Court or any court of proper jurisdiction, is powerless to order the return of the money. The fact is, the State, through its agents, (here, the District Court and Justice Court) acted improperly. Does the majority opinion mean that these courts cannot undo what they have done? If it does mean this, courts are powerless to rectify wrongs of their own making — again, another strange legal doctrine.
Once the constitutional question was submitted to the District Court and decided, that court has no right to dismiss the appeal and in effect let the justice court judgment become operative. Rather, once the District Court ruled against defendant, he should have set the case for jury trial on the merits, or determined if defendant would waive a jury trial and try the case to the judge on the merits. But, the District Court did neither.
*524 It follows that if the District Court had no right to dismiss the appeal, the Justice Court had no right to apply the money to the payment of the fine. Both court actions were illegal. This illegal action is compounded by the failure of the District Court to give notice to defense counsel of its ruling on the constitutional question and of its dismissal of the appeal. There is no question here that it was the District Court, by its failure to notify defendant of the decision and dismissal, deprived, defendant of her ability to protect herself. To this problem, the majority simply decides the case is moot because the fine has made its way into the public coffers and that we are powerless to order its return. If a court does not have the power to rectify such a wrong it should not long continue to function as a court of justice.
I am also satisfied that if the defendant got a favorable ruling from this Court on the constitutional question (assuming this case to be here properly on appeal), this Court has the power to order the money to be repaid to defendant and the District Court also has such power. If the appropriate county official failed or refused to pay back the money, I have no doubt that a writ of mandate would lie against that county officer to compel payment of the money to defendant.
Even with these procedural problems underlined, I must admit that the record in this case reeks of a failure of defendant and her counsel to diligently pursue the matter. In District Court, almost three years elapsed between the time of the ruling (December 10, 1976) and the time defense counsel claims to have first heard of the adverse ruling dismissing the appeal (October 3, 1979). This case is hardly worthy of this Court’s time in deciding the narrow constitutional question presented, when it is clear that neither defense counsel nor his client were interested enough in the case to find out for themselves whether or not the District Court had ruled. A failure to make inquiry for almost three years shows a complete lack of diligence in pursuing the case. Although I do not say that laches does apply in such a situation, there is no doubt that a good argument can be made.
*525 Nonetheless, I do feel we are committing an injustice by holding that the case is moot, and we have compounded that injustice by the grounds used to declare the appeal moot.